IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-180 |
| | ) |
| DENORRIS MAHONE | ) |

<u>MEMORANDUM AND ORDER OF COURT</u>

Presently before the court is defendant Denorris Mahone's motion for reconsideration of judgment (Document No. 68) and the government's response thereto. For the following reasons, defendant's motion will be denied.

On December 3, 2009, defendant appeared before this member of the court and changed his previously entered plea of not guilty to guilty to a one-count indictment charging him with possession of a firearm by a convicted felon. A presentence investigation report was ordered and the case was set for sentencing.

Upon receipt of the presentence report, defendant filed a position paper objecting to the probation officer's calculation of 24 as the base offense level under U.S.S.G. §2K2.1(a)(2).[1] Specifically, defendant objected to the use of a prior conviction for terroristic threats and for resisting arrest as a predicate "crime of violence" under the guidelines.

---

[1] U.S.S.G. §2K2.1(a)(2) provides for a base offense level of 24 if the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Defendant conceded that a prior conviction for delivery of heroin qualifies as a predicate controlled substance offense.

In a memorandum of law and tentative findings and rulings dated April 19, 2010, the court found that defendant's conviction for terroristic threats under 18 Pa.C.S.A. §2706 (1994) does qualify as a crime of violence and overruled defendant's objection to a base offense level of 24. Using a modified categorical approach, the court found that "[a]lthough this statute could be construed to encompass both violent and non-violent conduct, it is clear in this case that defendant's conviction was for a crime of violence, as the criminal information, which the court is permitted to look to, expressly charged that defendant 'threatened to commit the violent crime of criminal homicide with intent to terrorize D. Connolly.'" Exhibit 1 to Government's Response to Defendant's Position with Respect to Sentencing Factors. (Document No. 56).

The court concluded that because defendant's crime of conviction had as *an* element the use, attempted use, or threatened use of physical force against the person of another, to-wit, the threat to commit the violent crime of criminal homicide, which obviously cannot be committed without the use of physical force against the person of another, it qualifies as a crime of violence under §4B1.2(a)(1) and §2K2.1(a)(2).

The following day, April 20, 2010, defendant appeared before the court for a sentencing hearing. At the hearing, the court adopted its tentative findings and rulings as its final findings and rulings, and defendant was sentenced to a term of imprisonment of 80 months.

Defendant's pending motion asks the court to reconsider its finding that defendant's prior terroristic threats conviction qualifies as a "crime of violence" in light of United States v. Johnson, 2010 WL 1552804 (3d Cir., April 19, 2010), a non-precedential opinion filed the same day that the court issued its memorandum order and tentative findings and rulings and one day prior to defendant's sentencing hearing. Upon review of that case, the court is convinced that it in no way alters the court's findings.

In Johnson, the appellate court vacated a sentence and remanded for re-sentencing where the district court improperly found Johnson's conviction for terroristic threats to be a crime of violence. The lower court had arrived at its finding after looking to Johnson's actual conduct, which the appellate court found to be inconsistent with the applicable modified categorical approach.

However, in that case, the criminal complaint parroted the language of the state statute[2] and charged that the defendant "knowingly or intentionally or recklessly caused/attempted to

---

[2] As in his prior position paper, defendant puts an undue emphasis on the fact that the Pennsylvania terroristic threats statute was amended after defendant's conviction and that Johnson also involves the pre-amendment statute. However, as the court noted in its tentative findings and rulings, the amendment to the statute was cosmetic, not substantive, and both the pre-amendment and post-amendment versions encompass both intentional and reckless conduct. The amendment has no bearing on the seminal issues before the court - whether the crime of conviction was intentional or reckless and whether defendant's *mens rea* can be gleaned solely from the charging document without looking to his actual conduct.

cause bodily injury to another, and/or attempted by physical menace to put another in fear of imminent serious bodily injury." Because it was not possible to discern the defendant's *mens rea* from the charging instrument, and defendant could have been convicted for merely reckless conduct, the court found that his conviction was not a crime of violence.

The case at bar differs from <u>Johnson</u> because it is clear from the charging instrument here that defendant was charged with intentional, not reckless, conduct. The charging information in this case explicitly states that defendant "threatened to commit the violent crime of criminal homicide <u>with</u> <u>intent</u> to terrorize D. Connolly." (emphasis added). There is no allegation of reckless conduct in the charging instrument. Accordingly, because the crime with which defendant was charged and convicted in this case was terroristic threats with the <u>intent to terrorize</u>, the crime of conviction had as an element the "threatened use of physical force against the person of another" and properly is a crime of violence within the meaning of the guidelines.

Defendant's assertion that this court "improperly" looked to his actual conduct in rendering its determination is incorrect. The court looked solely to the charging instrument, the information, and did so only to ascertain with which *mens rea* defendant was charged and convicted. This approach conforms with <u>Johnson</u>. 2010 WL 1552804 *2, n. 2 ("[t]o the extent we can look at [the charging document], it is only to determine with

- 4 -

which *mens rea* Johnson was convicted under the statute, which would be entirely consistent with the modified categorical approach.") Here, the *mens rea* with which defendant was charged and convicted was clear from the information. Defendant was charged with, and convicted of, intentional conduct under the state statute, and his terroristic threats conviction therefore qualifies as a predicate crime of violence under the guidelines.

For the foregoing reasons, defendant's motion for reconsideration will be denied.

O R D E R

AND NOW, this 9th day of August, 2010, for the reasons set forth above, IT IS ORDERED that defendant's for reconsideration of judgment (Document No. 68) be, and the same hereby is, **denied**.

Gustave Diamond
United States District Judge

cc: Ross E. Lenhardt
Assistant U.S. Attorney

Elisa A. Long
Assistant Federal Public Defender